IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT BRYANT, JR, <br>     ID #1419907,         ) <br>         Petitioner,        ) <br>                                     ) <br> vs.                                 ) <br>                                     ) <br> FNU VILLALOBOS, Warden,    ) <br>         Respondent.       ) | No. 3:23-CV-1509-X-BH <br><br><br> Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on July 6, 2023 (doc. 3), should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

## I.    BACKGROUND

Robert Bryant, Jr. (Petitioner), currently an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2007 conviction and sentence in Case No. F-0373675-Y in Dallas County, Texas.[2]  (*See* doc. 3 at 1.)  He names the Warden of his place of incarceration as the respondent.  (*See id.*)

In February 2006, after Petitioner pled guilty under a plea agreement to aggravated sexual assault of a child under 14/mouth/contact in Case No. F-0373675-Y in the Criminal District Court No. 7 of Dallas County, Texas, the trial court deferred adjudication and placed him on a 10-year

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Petitioner also challenged his conviction and sentence in Case No F-0373676-Y in Dallas County, Texas.  (*See* doc. 3 at 1.)  Because he has not previously challenged it under § 2254, his challenge to that conviction was severed from this action so that it may proceed separately.  (*See* doc. 6; *Bryant v. Villalobos*, No. 3:23-CV-1537-X-BH (N.D. Tex. July 6, 2023), doc. 3.)

period of probation.  *See Order of Deferred Adjudication: Community Supervision*, *State v. Bryant*, No. F-0373675-Y (Crim. Dist. Ct. No. 7, Dallas Cty., Tex. Feb. 21, 2006).  The state filed a motion to proceed with an adjudication of guilt in October 2006, based on Petitioner's alleged violations of several conditions of his probation.  *See Motion to Revoke Probation or Proceed to Adjudication of Guilt*, *Bryant*, No. F-0373675-Y (Crim. Dist. Ct. No. 7, Dallas Cty., Tex. Oct. 2, 2006).  On February 1, 2007, Petitioner pled true to the probation violations and was adjudicated guilty and sentenced to 75 years' imprisonment in the TDCJ-CID.  *See Judgment Adjudicating Guilt*, *Bryant*, No. F-0373675-Y (Crim. Dist. Ct. No. 7, Dallas Cty., Tex. Feb 1, 2007).  The judgment was affirmed on direct appeal.  *See Bryant v. State*, Nos. 05-07-00324-CR, 05-07-00325-CR, 2008 WL 1850775, at *1, 5 (Tex. App.—Dallas, Apr. 28, 2008, pet. ref'd).  The Texas Court of Criminal Appeals refused his petition for discretionary review (PDR).  *See Bryant v. State*, No. PD-0717-08 (Tex. Crim. App. Oct. 1, 2008).

Petitioner's first state habeas application, received by the Texas Court of Criminal Appeals on May 29, 2009, was denied without written order on the findings of the trial court without a hearing on June 10, 2009.  *See Ex parte Bryant*, No. WR-72,112-01 (Tex. Crim. App. June 10, 2009).  His second state habeas application challenging the conviction was dismissed by the Texas Court of Criminal Appeals as a successive application on April 29, 2020.  *See Ex parte Bryant*, No. WR-72,112-03 (Tex. Crim. App. Apr. 29, 2020).

He filed his first § 2254 petition challenging his conviction in Case No. F-0373675-Y on July 20, 2020, and it was dismissed with prejudice as barred by the statute of limitations on March 3, 2022.  *See Bryant v. Director*, No. 3:20-CV-1907-S-BK (N.D. Tex. Mar. 3, 2022), docs. 3, 26, 28-29.  Petitioner did not appeal the denial to the United States Court of Appeal for the Fifth Circuit (Fifth Circuit).  He subsequently filed two additional state habeas applications that were received

by the Texas Court of Criminal Appeals on June 7, 2023, and July 6, 2023, respectively. *See Ex parte Bryant*, No. WR-72,112-04 (Tex. Crim. App. June 7, 2023); *Ex parte Bryant*, No. WR-72,112-05 (Tex. Crim. App. July 6, 2023). The first was dismissed as a subsequent application on June 21, 2023, and the second remains pending. *See Ex parte Bryant*, No. WR-72,112-04 (Tex. Crim. App. June 21, 2023).

Petitioner again challenges his conviction and sentence in Case No. F-0373675-Y on the following grounds:

(1) Under Texas code of criminal Procedure Art. 11.073. [sic] (Newly discovered evidence);

(2) Michael Morton Act S.B. 1611;

(3) Due Process Violations 5, 6, 8, 14, Fair Trial By constitutional Law; and

(4) Ineffective Assistance of counsel.

(doc. 3 at 5-10.)

## II.     JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have

been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37.  If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *See Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment.").  A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Martinez-Villareal*, 523 U.S. at 645. A dismissal based on the statute of limitations as in this case, however, is considered an adjudication on the merits for determining whether a subsequent petition is successive. *See Higginbotham v. Barnes*, No. 21-60601, 2022 WL 795433 at *1 (5th Cir. Mar. 15, 2022) (citing *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009)).

Here, Petitioner challenges the same conviction and sentence that he challenged in a prior federal petition that was dismissed with prejudice on its merits. (*See* doc. 3 at 1, 5-10; No. 3:20-CV-1907-S-BK, docs. 3, 26, 28-29.)  Under *Hardemon* and *Crone*, he was required to present all available claims in that petition.  A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004).  The

4

crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction and sentence.

Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his first federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 petition, it lacks jurisdiction to consider the petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, the petition should be transferred.

### III. RECOMMENDATION

The *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*, received on July 6, 2023 (doc. 3), should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit.

**SIGNED this 11th day of July, 2023.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE